

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 08-39 |
| v. | **FILED** |
| DERRICK E. EVERETT | AUG 0 4 2017 |
| | KATE BARKMAN, Clerk By ___ Dep. Clerk |

## MEMORANDUM OPINION

Defendant Derrick E. Everett has filed a *pro se* petition "pursuant to 18 U.S.C. § 3553" for modification of a term of imprisonment imposed when he violated the terms of his supervised release.

On January 22, 2008, a grand jury sitting in the Eastern District of Pennsylvania returned an indictment charging Everett with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On April 15, 2008, Everett entered a plea of guilty on that count. On August 27, 2008, he was sentenced to 63 months imprisonment and three years of supervised release. He did not appeal his sentence.

On March 21, 2011, Everett filed a *pro se* Motion for Sentence Correction/Relief which the court denied without prejudice to re-file with a concise statement of the legal contentions and authorities relied upon by Defendant. The deadline to re-file was September 23, 2011. The Defendant did not re-file within that deadline or at all.

Everett served his time in federal prison and his period of supervised release began on March 21, 2014. On October 20, 2014, he was convicted in Lancaster Court of Common Pleas on charges of possession with intent to manufacture or deliver heroin, fleeing or attempting to elude police and driving under the influence. He was sentenced to 30 to 60 months in state prison for these charges. On March 16, 2015, the court upon consideration of a Petition for

Violation of Supervised Release, found that the Defendant had violated the terms and conditions of his supervised release, revoked his supervised release, and committed him to the custody of the Federal Bureau of Prisons for a period of 18 months to be served consecutively to the Lancaster County sentence. On March 30, 2015, Everett appealed his violation sentence to the Third Circuit Court of Appeals, which appeal was dismissed on August 18, 2015 pursuant to Federal Rule of Appellate Procedure 42(b).

On June 14, 2017, Everett filed this *pro se* petition. On July 12, 2017, this Court ordered the government to file a response which the government did on August 1, 2017. In support of his petition, Defendant contends that he is entitled to a modification because: (1) the same day he was sentenced the judge who sentenced him sentenced another defendant who committed the same violation as him to a sentence that ran concurrently with, rather than consecutively to, his state court sentence; (2) while in jail he has learned from his past mistakes and now works hard to become a productive member of society; (3) since his incarceration he has suffered from anxiety and depression for which he receives medication and because of which he has lost a lot of weight; (3) his mother needs his help because she is mentally ill and living alone; (4) he is planning to get married upon his release; and, (5) he has two young sons who need him. His request is that his federal sentence for violation of supervised release be served concurrently rather than consecutively.

Once a sentence has become final, as is the case here, other than relief under 28 U.S.C. §§ 2255 and 2241, only 15 U.S.C. § 3582(c) provides very specific and limited circumstances under which a court may modify a sentence after it has been imposed. *See United States v. Washington*, 549 F.3d 905, 916-17 (3d Cir. 2008). Section 3582(c) states in no uncertain terms that "[t]he court may not modify a term of imprisonment once it has been imposed except" in the

2

specific situations provided by that section. *Id.* at 915 (*citing* 18 U.S.C. § 3582(c)). Some of exceptions are plainly not applicable here. Section 3582(c)(1)(A) requires a motion of the Director of the Bureau of Prisons before the circumstances for the requested exception be considered. No such motion has been made. Section 3582(c)(2) applies only in the case of a defendant who has been sentenced based on a sentencing range that has been subsequently lowered by the Sentencing Commission. Defendant has not suggested that this is the case here.

The one remaining exception allows the court to modify an imposed term of imprisonment "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Defendant has not pointed to a statute that expressly permits the Court to modify the terms of his imprisonment. Neither can his petition progress under Federal Rule of Civil Procedure 35 which provides in relevant part that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35. The time limit is a "strict jurisdictional requirement . . . such that a district court lacks authority to act under the Rule outside this period." *United States v. James,* 639 F. App'x 834, 836 (3d Cir. 2016) (citations omitted). Defendant's petition to modify his sentence which was filed on June 14, 2017, nearly three months after the order revoking his supervised release and sentencing him for his violations of its terms, was filed outside of the 14 day limit and must therefore be dismissed for lack of jurisdiction.

An appropriate order follows.

Date: 8/3/2017                    BY THE COURT:

_____
WENDY BEETLESTONE, J.

3