# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 08-39 |
| DERRICK EDWARD EVERETT | |

## MEMORANDUM OPINION

Petitioner Derrick Everett moves this Court under 28 U.S.C. § 2255 to vacate, set aside, or correct an 18-month federal sentence that ran consecutively with a separate state sentence. The federal sentence was based on Petitioner's stipulation that he violated the terms of supervised release. Petitioner states his attorney told him at sentencing that, between his state sentence and his soon-to-be-imposed federal sentence, he would only spend a total of four years incarcerated (30 months on his state sentence and 18 months on his federal sentence). He also asserts that the sentencing judge forgot to read him certain rights until after he was already sentenced and then "told him to waive them" after the sentence had already been imposed. Finally, he contends that during his time in state prison he has been diagnosed with mental health conditions that existed at the time of his federal sentencing. Based on those allegations, he asserts four grounds for relief: (1) He received ineffective assistance of counsel; (2) He was entitled to a mental health evaluation prior to sentencing; (3) He was denied due process; and (4) He is entitled to the terms of his sentence as he understood them. Because each ground is time-barred, the Court will not reach the merits of his claims.

Motions filed under Section 2255 are subject to a 1-year statute of limitations that runs from the latest of the date that: (1) the conviction became final; (2) an impediment to making a motion improperly imposed by the Government was removed; (3) the right asserted was

recognized and made retroactive by the Supreme Court; and (4) new facts supporting the claim could have been discovered with due diligence. 28 U.S.C. § 2255(f). Petitioner does not assert that the Government improperly impeded him from raising his claims or that the rights asserted have been newly recognized by the Supreme Court. Therefore, the only dates potentially at issue are when the conviction became final and when newly discovered facts supporting the claims could have been uncovered with due diligence.

A conviction becomes final for purposes of Section 2255 upon a decision "that precludes further controversy on the questions passed upon . . . from which no appeal or writ of error can be taken." *Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999). Petitioner's sentence was entered on March 18, 2015. He filed a notice of appeal, but subsequently withdrew his appeal; the Third Circuit dismissed the case under Fed. R. App. P. 42(b) on August 18, 2015. Therefore, Petitioner's conviction became final no later than August 18, 2015—if the statute of limitations ran from that date, then Petitioner would have had until August 18, 2016 to file his motion. Petitioner, however, signed the instant motion on June 6, 2018, almost two years too late.

Recognizing that problem, Petitioner makes two arguments as to why newly discovered facts require the statute of limitations to begin running at some date later than August 18, 2015. *See* 28 U.S.C. § 2255(f)(4). First, he contends that "on May 14, 2018 [he] found there was still a [f]ederal [d]etainer lodged against [him] to serve 18 more months" after completing his state sentence—*i.e.*, he claims that it was not until years after his sentencing that he understood the true extent of his punishment. However, the transcript from the March 16, 2015 sentencing indicates that Petitioner was informed on the record by his attorney that "[t]here is no guarantee . . . that [Petitioner will] be paroled at his minimum date of 30 months." ECF No. 52-1, at 18. So, contrary to the assertion in his motion, Petitioner's counsel indicated that it was *not* certain that

he "would be doing 4 years total" comprised of "2 ½ in state prison, then 18 months [in] federal [prison]." Therefore, Petitioner cannot claim that the possibility he would serve more than 4 years total is a fact that could not have been discovered at the time of sentencing with due diligence.

Second, Petitioner contends that in late 2017 or early 2018 he was "made aware that all [his] mental health disorders are preexisting" and that "had the courts been made aware of" the disorders before issuing his sentence "a less[e]r punishment could have been implemented[.]" But Petitioner offers no reason why that evidence could not have been discovered with due diligence at the time of sentencing, *see King v. Westbrooks*, 847 F.3d 788, 799 (6th Cir. 2017) ("The mental-health experts to whom [petitioner] points at this late stage . . . could have been discovered through the exercise of due diligence[.]"), and consequently fails to show that evidence of his mental condition can trigger a later starting date for the statute of limitations.[1]

As a result, the statute of limitations began running no later than August 18, 2015, and expired no later than August 18, 2016, meaning that this motion is time-barred. For that reason, the motion will be dismissed.[2]

**October 5, 2018**                                             **BY THE COURT:**

                                                                                               /s/ Wendy Beetlestone

                                                                                               **WENDY BEETLESTONE, J.**

---

[1] To the extent Petitioner's arguments can be styled as requests for equitable tolling, they also fail. Equitable tolling is appropriate only where "the petitioner has in some extraordinary way been prevented from asserting his or her rights." *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998). But for the same reasons that Petitioner is unable to show that the evidence he points to either is new or was not discoverable at the time of sentencing through the exercise of due diligence, he is also unable to show that they constitute an "extraordinary" barrier to exercising his rights; he either had the information at the time of sentencing, or should have had it.

[2] A certificate of appealability will not issue because Petitioner has not shown that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).